UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FELICIA CIRLOS,**

        **Plaintiff,**

v.                                                    Case No. 5:20-CV-0964-JKP

**AGTI TRANSPORT, INC., and
JOSE GUTIERREZ,**

        **Defendants.**

## ORDER

Defendant AGTI Transport, Inc. ("AGTI") removed this action on August 17, 2020, alleging diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal (ECF No. 1). Although AGTI properly alleges the citizenship of Plaintiff (Texas) and the individual defendant, Jose Gutierrez (California), they merely state that the corporate defendant does not share citizenship with Plaintiff. Furthermore, the original petition filed in state court does not allege the citizenship of any party. With respect to the corporate defendant, the jurisdictional facts are insufficient.

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And the Supreme Court has clarified that the phrase, "principal place of business," means the "corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In this case, neither Plaintiff nor Defendants have alleged the state of incorporation or the principal place of business for AGTI.

As the party seeking removal, AGTI "bears the burden of establishing that federal jurisdiction exists and that removal was proper," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276

F.3d 720, 723 (5th Cir. 2002). To carry that burden, it must provide the jurisdictional facts as to its state of incorporation and its principal place of business. The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Given the jurisdictional requirements of § 1332, the Court's responsibility for determining the existence of subject matter jurisdiction, and the express direction of Rule 12(h)(3), the Court directs Defendant AGTI to cure the noted deficiencies in the jurisdictional facts by filing a "Notice of Jurisdictional Facts" in which it affirmatively states its place of incorporation and principal place of business. It shall file such Notice **on or before October 15, 2020**. Until this jurisdictional deficiency is cured, the Court finds good cause to delay issuing any scheduling order. *See* Fed. R. Civ. P. 16(b)(2).

**SIGNED this 17th day of September 2020.**

_____
**JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE**